# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 4901 | DATE | 8/25/2003 |
| CASE TITLE | Caballero vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petitioner's Motion to Vacate, Set Aside or Correct his Sentence

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Petitioner's Motion to Vacate, Set Aside or Correct his Sentence brought pursuant to 28 U.S.C. § 2255. Petitioner's motion is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 27 2003 | |
| | Notified counsel by telephone. | date docketed | 9 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Horacio Caballero, ) | |
| ) | No. 01 C 4901 |
| Movant, ) | |
| ) | |
| v. ) | Judge Charles R. Norgle |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

CHARLES RONALD NORGLE, Judge.

Before the court is Horacio Caballero's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is denied.

## I. BACKGROUND[1]

In 1994, Caballero participated in a large scale conspiracy to distribute massive amounts of cocaine in Northern Illinois. Beginning in April 1994, a joint federal and local drug task force infiltrated the conspiracy. On July 18, 1994, undercover informants and officers set up a transaction where undercover agents were to purchase 350 kilograms of cocaine at a price of $20,000.00 per kilogram. Caballero's role in the transaction was to receive $7,000,000 in an apartment in Justice, Illinois, while some of his co-conspirators delivered 350 kilograms of cocaine to the undercover agents in Rockford, Illinois. After this transaction, Caballero and six of his co-conspirators were arrested.

---

[1] A detailed description of the events underlying Caballero's conviction are recited in United States v. Rojas, No. 94 CR 458, 1995 WL 476587 (N.D. Ill. 1995) (Caballero's motion to suppress post-arrest statements) and United States v. Wilson, 134 F.3d 855 (7th Cir. 1998) (direct appeal of some of Caballero's co-conspirators).

In August of 1994, the undercover agents completed another transaction, purchasing over 200 kilograms of cocaine. A subsequent search revealed an additional 236 kilograms of cocaine.

The Government filed its indictment against Caballero and ten co-conspirators on December 6, 1994. Caballero was charged with two counts: (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; and (2) possession with intent to distribute approximately 350 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). Some of the co-conspirators plead guilty, while Caballero and others went to trial on October 2, 1995. The case went to the jury on November 2, 1995, and the jury returned guilty verdicts the following day. On April 15, 1996, Caballero was sentenced to concurrent sentences of 260 months for each count.

Caballero filed a timely notice of appeal on April 24, 1996, but then voluntarily dismissed the appeal, pursuant to Federal Rule of Appellate Procedure 42(b), on June 26, 1996. Thereafter, Caballero took no additional steps to directly or collaterally challenge his conviction, until he filed the present motion. Caballero mailed the present motion to the Clerk of the District Court on June 19, 2001, and the motion was filed on June 26, 2001.

Caballero's motion raises three arguments, all of which arise from the United States Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). The court consolidates and interprets Caballero's arguments as: (1) the court lacked jurisdiction to impose a sentence under 21 U.S.C. § 841(b)(1)(A) in the absence of jury findings regarding drug type and quantity; (2) the court violated the Due Process Clause of the Fifth Amendment by imposing a sentence based on facts not found by the jury; and (3) <u>Apprendi</u> had rendered the sentencing guidelines unconstitutional.

The Government argues, and the court agrees, that all of these claims are procedurally time-barred.

## II. DISCUSSION

### A. Standard of Review

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. The relief is available only in limited circumstances, such as where an error is jurisdictional or of Constitutional magnitude. See Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1995). Section 2255 motions are subject to various bars, including that of procedural default. See Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989) (stating that "a district court cannot reach the merits of an appealable issue in a section 2255 proceeding unless that issue has been raised in a procedurally appropriate manner"). One such bar was provided for in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective April 24, 1996. See Pub. L. 104-132, Title I, § 105, 110 Stat. 1220. The AEDPA imposes a one-year limitations period on collateral attacks. See 28 U.S.C. § 2255 ¶ 6 (1-4). Paragraph 6 of § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

### B. Movant's Claim Was Not Timely Filed

In this case, Caballero was convicted by a federal jury on November 3, 1995 and sentenced on April 15, 1996. On April 24, 1996, Caballero filed his notice of appeal; however, he voluntarily

3

dismissed that appeal on June 26, 1996. After voluntarily dismissing his appeal, Caballero took no additional steps to directly appeal his conviction. Caballero's next step came almost five years later in the form of the present habeas motion. Caballero mailed the present motion to the Clerk of the District Court on June 19, 2001, and the motion was filed on June 26, 2001. This lapse of almost five years certainly militates against finding the present motion to have been timely filed. Cf. Clay v. United States, -- U.S. --, 123 S.Ct.1072, 1079 (March 4, 2003) (holding that when a federal prisoner takes an unsuccessful direct appeal from his judgment of conviction but does not petition the Supreme Court for a writ of certiorari, the judgment becomes "final" for purposes of the § 2255 ¶ 6(3) 1-year statute of limitations when the time period for seeking a writ of certiorari expires).

Apparently acknowledging that he has run afoul of § 2255 ¶ 6(1), Caballero claims that the "motion was timely filed pursuant to section § 2255, ¶ 6(3)." See Pet.'s Traverse to Gov't Answer, at 2. However, Caballero also runs afoul of § 2255 ¶ 6(3). The Supreme Court did not rule that Apprendi was to be applied retroactively, and the Seventh Circuit has held that Apprendi should not be applied retroactively on collateral review. See, e.g., Curtis v. United States, 294 F.3d 841, 842-44 (7th Cir. 2002) (agreeing with other circuits that Apprendi does not fall within any exceptions that would allow retroactive application on collateral review as stated in Teague v. Lane, 489 U.S. 288 (1989)). "Apprendi therefore does not disturb sentences that became final before June 26, 2000, the date of its release." Id. at 844.

Therefore, Caballero has failed to timely-file his habeas motion within the one-year limitations period established by the AEDPA. See 28 U.S.C. § 2255 ¶ 6. While the Seventh Circuit has stated in dicta that the § 2255 ¶ 6 "period of limitation is not jurisdictional but is instead a procedural statute of limitations subject to equitable tolling," United States v. Marcello, 212 F.3d

1005, 1010 (7th Cir. 2000), Caballero has not presented any argument that the period should be tolled in this case.

### C. Movant's Claim Is Without Merit

Assuming *arguendo*, in the interests of justice, that Caballero could present a valid argument that the period should be tolled, the court will address the merits of Caballero's motion. The court is to liberally construe a prisoner's *pro se* motion, see Haines v. Kerner, 404 U.S. 519, 520 (1972), but the burden remains with the movant to demonstrate entitlement to the extraordinary writ of habeas corpus.

Since Caballero did not present these claims on direct appeal, he has procedurally defaulted these claims. See Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). Thus, in order to obtain collateral relief, Caballero must show "cause and prejudice" for failure to raise these claims until the present motion. See, e.g., United States v. Frady, 456 U.S. 152, 170 (1982).

The "cause" prong requires a showing of some external, objective impediment to Caballero's presentation of these claims, such as unavailability of the legal basis for the claims. See United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). As stated by the Seventh Circuit: "The lack of any reasonable legal basis for a claim may constitute 'cause,' but the foundation for Apprendi was laid long before 1992." Id. (indicating that the Justices in Apprendi relied on the cases of McMillan v. Pennsylvania, 477 U.S. 79 (1986) and In re Winship, 397 U.S. 358 (1970) for the proposition that arguments based on similar legal bases were available to pre-Apprendi cases). In his motion, while Caballero relies entirely on Apprendi, he does not explain his failure to raise the essence of these claims in a post-judgment motion or on direct appeal.

5

The "prejudice" prong requires a showing that the alleged error "worked to [Caballero's] actual and substantial disadvantage, infecting his entire trial with error." Frady, 456 U.S. at 170. To show prejudice, Caballero must establish that no reasonable jury could have found the quantity of drugs necessary to support his sentence. See Garrott v. United States, 238 F.3d 903, 905 (7th Cir. 2001). Caballero was sentenced to 260 months, 20 months more than the maximum sentence available to anyone convicted of distributing, or conspiring to distribute, any quantity of cocaine less than 5 grams. See 21 U.S.C. § 841(b)(1)(C) (providing maximum penalty of 20 years imprisonment for possession / distribution or conspiracy to possess / distribute less than 5 grams of cocaine). Thus, in order to support this additional 20 months, the jury would have had to find that Caballero distributed, or conspired to distribute, at least 5 grams of cocaine - a guaranteed finding based on the evidence at trial, which was presented in terms of *kilograms* of cocaine. See 21 U.S.C. § 841(b)(1)(A)(ii)(II) (providing maximum penalty of life imprisonment for possession / distribution or conspiracy to possess / distribute 5 grams of cocaine). Further, the Seventh Circuit has held that Apprendi should not be applied retroactively on collateral review. See Curtis, 294 F.3d at 844 ("Apprendi therefore does not disturb sentences that became final before June 26, 2000, the date of its release.").

In discussing Apprendi-based challenges to sentences imposed for convictions in vast drug conspiracy cases, the Supreme Court has stated:

> [T]he fairness and integrity of the criminal justice system depends on meting out to those inflicting the greatest harm on society the most severe punishments. The real threat then to the 'fairness, integrity, and public reputation of judicial proceedings' would be if respondents, despite the overwhelming and uncontroverted evidence that they were involved in a vast drug conspiracy, were to receive a sentence prescribed for those committing less substantial drug offenses because of an error that was never objected to at trial.

United States v. Cotton, 535 U.S. 625, 634 (2002) (citing Johnson v. United States, 520 U.S. 461, 470 (1997) (in turn quoting R. Traynor, The Riddle of Harmless Error 50 (1970))).

### III. CONCLUSION

For the foregoing reasons, the court denies Caballero's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 8/25/03